**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

WILLIE PACE,                                     :
                                                 :
     Plaintiff,                                 :
                                                 :
v.                                               :          CASE NO.:  7:25-CV-00102 (WLS)
                                                 :
CITY OF MOULTRIE, *et al.*,                      :
                                                 :
     Defendants.                                :
_____                :

## ORDER

Previously, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2). (Doc. 3). In doing so, the Court found that Plaintiff's Complaint (Doc. 1) did not comply with the Federal Rules of Civil Procedure governing pleadings. (*Id.* at 2). As such, the Court deferred its review of Plaintiff's complaint and instructed Plaintiff to file an amended complaint setting forth his claims in accordance with the Rules. Plaintiff timely filed an untitled document, which the Court construes as Plaintiff's amended complaint, on October 17, 2025. (Doc. 4). Therefore, the Court now reviews the validity of Plaintiff's recast complaint, as required by 28 U.S.C. § 1915(e).

## I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.* Under 28 U.S.C. § 1915(e), the Court must dismiss complaints that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

The Court has already found that Plaintiff meets the poverty requirements of § 1915(a). (Doc. 3 at 2). Thus, all that remains is to review the validity of Plaintiff's recast complaint. *See Neitzke*, 490 U.S. at 324. In so doing, the Court accepts all factual allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid

2

of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

## II.     PLAINTIFF'S COMPLAINTS

Plaintiff asserts claims against the City of Moultrie, the Moultrie Police Department, and Investigator Nathan Cato and Officer Jolisha Tabor, in their individual capacities. In his original complaint, Plaintiff indicates he is asserting a claim under 42 U.S.C. § 1983 but fails to articulate what federal constitutional or statutory right(s) he claims was violated by Defendants. (*See* Doc. 1 at 3). Reading the original and recast complaints liberally, as required at this stage of the Court's review, it appears that Plaintiff is attempting to assert claims under the Fourth Amendment. In both his original and recast complaints, Plaintiff asserts claims for kidnapping and false imprisonment arising from his arrest on May 26, 2022. (*See generally* Docs. 1 & 4). The recast Complaint contains an additional claim for false arrest also arising from his arrest. (Doc. 4 ¶ 1).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

### A.  The Allegations

The recast Complaint, like Plaintiff's original complaint, contains conclusory and confusing assertions. The only facts Plaintiff alleges are (1) that he was arrested at his home by officers with the Moultrie Police Department, including Defendants Cato and Tabor, on May 26, 2022, and was subsequently booked into the Colquitt County Jail, (2) that Defendant Cato was the investigating officer, and (3) that Cato knew that a "city officer does not have the authority to make an arrest in the county." (Doc. 4 ¶¶ 2–3).

3

## B. False Arrest Claim

To state a claim for false arrest under § 1983, Plaintiff must show that the arrest was without a warrant and lacked probable cause. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010) ("An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."); *Jones v. Brown*, 649 Fed. App'x 889, 890 (11th Cir. 2016) ("A claim for false arrest arises when an arrest occurs without a warrant and without probable cause.").

As to this claim, Plaintiff's states: "I am seeking compensation for a false arrest for restraint/detention by one person of another without lawful justification (probable cause or a valid arrest warrant) under an asserted legal authority to enforce the process of the law." (Doc. 4 ¶ 1). Plaintiff provides no factual allegations from which the Court could make a determination as to the existence of a warrant or probable cause, or the lack thereof. To the extent Plaintiff claims there was no arrest warrant, that contention is seemingly contradicted by an allegation in his original complaint that Plaintiff was charged with assault by Defendant Cato at the "instruct[ion] [of] judge J.J. McMillan." (Doc. 1 at 5). In any event, Plaintiff's claim for false arrest, as alleged and construed liberally, is best characterized as "a formulaic recitation of the elements" of a cause of action, *Twombly*, 550 U.S. at 555, and fails to state a claim.

## C. False Imprisonment

To state a claim for false imprisonment under § 1983, Plaintiff must show "common law imprisonment and a due process violation under the Fourteenth Amendment." *May v. City of Nahunta, Ga.*, 846 F.3d 1320, 1329 (11th Cir. 2017) (quoting *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009)). "The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement." *Id.* There is the additional element a plaintiff must prove: "that the defendant acted with deliberate indifference in violating the plaintiff's right to be free from continued detention after the defendant knew or should have known that the detainee was entitled to release." *Id.*

As to this claim, Plaintiff states: "I am seeking compensation for false imprisonment, which I was intentionally restrained in a way that confines the individual within a bounded

4

area without consent or legal authority." (Doc. 4 ¶ 3). Again, Plaintiff fails to allege specific facts as to this claim. And Plaintiff does not allege any facts from which the Court could infer the element of deliberate indifference. Plaintiff's claim, as alleged and construed liberally, is best characterized as "a formulaic recitation of the elements" of a cause of action, *Twombly*, 550 U.S. at 555, and fails to state a claim.

### D. Kidnapping

Plaintiff cannot bring a private cause of action for kidnapping, which is a federal offense. *See Yaeger v. Lively,* No. 8:19-CV-1161, 2019 WL 5188393 (M.D. Fla. July 24, 2019), *report and recommendation adopted,* No. 8:19-CV-1161-T-35JSS, 2019 WL 11504743 (M.D. Fla. Oct. 25, 2019) (citing *Harnden v. Croswell-Lexington Cmty. Sch.*, Case No. 15-cv-12738, 2016 WL 2731188, at 2 (E.D. Mich. May 11, 2016) ("[T]here is no private right of action for purported violations of the Federal Kidnapping Act.")). Additionally, under Georgia law, kidnapping is a crime, not a tort. *See* O.C.G.A. § 16-5-40; *Brown v. Lewis*, No. 4:08-CV-150, 2009 WL 1457139, at *10 (M.D. Ga. May 22, 2009), *aff'd*, 361 F. App'x 51 (11th Cir. 2010) (noting that Georgia law recognizes three tort causes of action based on allegedly illegal detention of a person, including false imprisonment, false or malicious arrest, and malicious prosecution). Thus, Plaintiff cannot state a viable claim for relief for kidnapping under either state or federal law.

In sum, even when read liberally, Plaintiff fails to allege facts as to each defendant which plausibly set forth a Fourth Amendment violation. Plaintiff's complaints, viewed together and construed liberally, fail to allege "detailed factual allegations," at most provide mere "labels and conclusions," and do not clearly state a cause of action, much less the basic elements of one. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint fails to state a claim upon which relief may be granted. *See LaCroix v. W. Dist. of Ky.*, 627 Fed. App'x 816, 818 (11th Cir. 2015) ("[A]lthough pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. Even a pro se litigant is required to comply with the rules of procedure."). Thus, his complaint is due to be dismissed.

## III.  MOTION TO APPOINT COUNSEL

Plaintiff filed a Motion to Appoint Counsel (Doc. 5) on October 17, 2025. Plaintiffs in civil actions are not entitled to the appointment of counsel. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil case has no constitutional right to counsel."). The facts that may support Plaintiff's purported claims are not so complex that Plaintiff is unable to state them. The circumstances before the Court do not support appointing counsel in this matter. Even so, because the Court dismisses Plaintiff's Complaint, his Motion to Appoint Counsel (Doc. 5) is **DENIED**, as moot.

## IV.  CONCLUSION

A district court must, generally, *sua sponte* grant a pro se Plaintiff at least one opportunity to amend a defective complaint. *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (citing *Silvia v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2001)). After the Court's initial review, Plaintiff was provided an opportunity to amend. (*See* Doc. 3). However, even as amended and construed liberally, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the above-captioned action is **DISMISSED**, without prejudice. Further, Plaintiff's Motion to Appoint Counsel (Doc. 5) is **DENIED**, as moot.

**SO ORDERED**, this 20th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**